# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |  |
|---|---|---|
| **JAMES OWENS, III,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **VS.** | **:** | |
| | **:** | **NO. 5:17-cv-00174-MTT-CHW** |
| **JEROME HARMON;** | **:** | |
| *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## ORDER AND RECOMMENDATION

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff JAMES OWENS, III, a pretrial detainee at the Houston County Detention Center in Perry, Georgia, has filed the present civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He has also submitted a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 2 & 5. As discussed below, Plaintiff's motion to proceed IFP is **GRANTED**.

Plaintiff's Fourteenth Amendment excessive force claims against Defendants Deputy Jerome Harmon, Deputy Michael Gilbert, Deputy Martin Jackson, Deputy Rodney Ross, and Deputy Tavaris Boyd are sufficient to proceed for further development. It is **RECOMMENDED**, however, that Plaintiff's claims against Captain Beth Shafer, Major Alan Everidge, Sergeant Melanie Dupuis, Lieutenant Catherine Womack, Sergeant Shaun Westbrook, Deputy Dylan Dunbar, and Deputy Bryan Knapp,

that those claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §

1915A(b)(1), as discussed herein.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

The district courts may authorize the commencement of a civil action without

prepayment of the normally-required if the plaintiff shows that he is indigent and

financially unable to pay the filing fee. *See* 28 U.S.C. §1915(b). A prisoner seeking to

proceed IFP under this section must provide the district court with both (1) an affidavit in

support of his claim of indigence and (2) a certified copy of his prison "trust fund account

statement (or institutional equivalent) for the 6-month period immediately preceding the

filing of the complaint." *Id.*

Plaintiff's motion to proceed IFP and attached documentation indicate that

Plaintiff is unable to prepay any portion of the filing fee. Accordingly, Plaintiff's motion

to proceed IFP is **GRANTED**. Plaintiff is nevertheless obligated to pay the full $350.00

filing fee, in installments, as provided in 28 U.S.C. § 1915(b)(1) and explained below.

The **CLERK** shall therefore forward a copy of this **ORDER** to the business manager of

the facility in which Plaintiff is detained so that withdrawals from his account may

commence as payment towards the filing fee. The district court's filing fee is not

refundable, regardless of the outcome of the case, and must therefore be paid in full even

if Plaintiff's complaint (or any part thereof) is dismissed prior to service.

A. Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed IFP, it is hereby

**ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the

sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. PRELIMINARY SCREENING

### A. Standard of Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks

omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. Factual Allegations

In his Complaint, Plaintiff alleges that, on November 27, 2016, Defendant Deputy Michael Gilbert grabbed Plaintiff around the neck, causing Plaintiff to fall to the floor. ECF No. 1 at 10. When Plaintiff was on the floor, Gilbert punched Plaintiff in the back of the head, told Plaintiff that Gilbert hated Muslims, and took Plaintiff's prayer rug. *Id.*

Gilbert then had Plaintiff put in disciplinary segregation to cover up what he had done to Plaintiff. *Id.*

Thereafter, on November 28, 2016, Deputy Barlow, who is not named as a Defendant, opened Plaintiff's cell door, punched Plaintiff in the groin, and closed the door again. *Id.* at 12. Deputy Barlow told Plaintiff to write the incident up and threatened to put something in Plaintiff's food. *Id.* Plaintiff reported the incident to Defendant Sergeant Shaun Westbrook, who called Plaintiff a liar and told Plaintiff that he was making things harder on himself and should stop writing grievances. *Id.*

Finally, on April 14, 2017, Defendant Deputy Jerome Harmon came into the shower while Plaintiff was getting ready to shower. *Id.* at 11. Harmon tried to pull Plaintiff out of the shower but was unable to remove Plaintiff. Harmon then punched Plaintiff in his right ear, bursting Plaintiff's eardrum. Plaintiff fought Harmon off so that Harmon would not continue to hurt Plaintiff. At that point, Defendants Deputy Martin Jackson, Deputy Rodney Ross, and Deputy Tavaris Boyd joined in the incident, punching Plaintiff in the head, slamming Plaintiff to the floor, and kicking Plaintiff. Plaintiff informed Defendants Shift Lieutenant Catherine Womack, Shift Supervisor Melanie Dupuis, Captain Beth Shafer, and Major Alan Everidge, but no action was taken. Additionally, Shafer called him a liar and told him to prove his allegations. *Id.* Plaintiff filed this civil rights Complaint, seeking monetary damages for his claims.[1]

---

[1]Plaintiff also asks that the criminal charges pending against him be dismissed. To the extent that Plaintiff seeks to challenge his criminal prosecution and continued detention, Plaintiff must file a separate petition for a writ of habeas corpus under 28 U.S.C. § 2441. *Compare Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. §

C. Analysis

*1.* Excessive force

Plaintiff's claims against Harmon, Gilbert, Jackson, Ross, and Boyd amount to claims that these Defendants used excessive force against him. Because Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment due process clause. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). "[I]n deciding whether force deliberately used against a pretrial detainee is constitutionally excessive in violation of the Fourteenth Amendment, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Johnson v. Conway*, --F. App'x--, 2017 WL 2080251, at *3 (11th Cir. 2017) (per curiam) (quoting *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015)). Under this standard, a plaintiff is not required to show the defendant's state of mind or subjective awareness that the force was unreasonable. *Id.* The objective reasonableness of the applied force depends on the circumstances of each particular case, and the analysis includes considerations such as the amount of force used in relation to the need for force, the extent of any injury to the plaintiff, any effort by the officer to temper the amount of force used, the severity of the security problem leading to the use of force, any threat the officer reasonably perceived, and whether the plaintiff actively resisted the use of force. *Id.* at *4.

---

1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes"), *with Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

Plaintiff's Complaint, construed in his favor, alleges that, without any justification, Harmon, Gilbert, Jackson, Ross, and Boyd all punched and kicked Plaintiff. ECF No. 1 at 10-11. These allegations sufficiently state an excessive force claim to survive the initial review stage. *See Johnson*, 2017 WL 2080251, at \*3-4.

### 2. Supervisory liability

Plaintiff alleges that he told Defendants Womack, Dupuis, Shafer, and Everidge about the incident in the shower and that he told Defendant Westbrook about the incident in his cell with Deputy Barlow. A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Although Plaintiff alleges that Womack, Dupuis, Shafer, Everidge, and Westbrook were made aware of the alleged assaults after they occurred, he does not suggest that any of these Defendants instituted a custom or policy that led to the incidents, directed their

subordinates to violate Plaintiff's constitutional rights, or failed to stop their subordinates knowing that the subordinates would act unlawfully. As a result, his allegations are insufficient to state a claim against these Defendants. *See id.*

### 3. Defendants Dunbar and Knapp

Finally, although Plaintiff names Defendants Dunbar and Knapp in the caption and in his list of defendants, he makes no allegations against these Defendants in the body of his complaint. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). A district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)). Thus, in the absence of any connection between these Defendants and Plaintiff's alleged constitutional violations, Plaintiff fails to state a claim for relief against them.

## VI. Conclusion

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Plaintiff's excessive force claims under the Fourteenth Amendment may go forward as to Defendants Deputy Jerome Harmon, Deputy Michael Gilbert, Deputy Martin Jackson, Deputy Rodney Ross, and Deputy Tavaris Boyd. Because Plaintiff has failed to state a claim upon which relief may be granted, however, and

because the statute of limitations would not appear to bar Plaintiff from refiling his claims if he acts promptly to take such action, it is **RECOMMENDED** that Plaintiff's claims against Captain Beth Shafer, Major Alan Everidge, Sergeant Melanie Dupuis, Lieutenant Catherine Womack, Sergeant Shaun Westbrook, Deputy Dylan Dunbar, and Deputy Bryan Knapp be **DISMISSED without prejudice**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants, it is accordingly **ORDERED** that service be made on Defendants **DEPUTY JEROME HARMON, DEPUTY MICHAEL GILBERT, DEPUTY MARTIN JACKSON, DEPUTY RODNEY ROSS, AND DEPUTY TAVARIS BOYD**, and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are

reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of

Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED,** this 31st day of August, 2017.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge