**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JAMES OWENS, III**         ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | |
| **v.**     ) | **CASE NO. 5:17-CV-174(MTT)** |
| ) | |
| **Deputy JEROME HARMON,** *et al.,*     ) | |
| ) | |
| ) | |
| **Defendants.**     ) | |
|                           ) | |

## ORDER

The Plaintiff has filed a two-page document with the Court. Doc. 16. Excluding

headings, the document reads as follows in its entirety:

> I have tried to send out several letters with my responds [sic]
> but Houston County Detention Facility has h[i]ndered me
> from proceeding by not sending all of my mail out because I
> am a[n] indigent inmate also by not giving me the materials
> that I need when I qualified as a[n] indigent inmate
> th[erefore] I have been trying diligently to represent myself to
> the best of my ability I have [no] counsel representing me
> and I object to the dismissal of any of the defendants in this
> case the jail has refused to forward any evidence because of
> my confinement at the Houston County Detention Center
> also th[ere] is a limitation to the information and also
> objection to Attorney O'Quinn and Cronin bring up my
> criminal charges in this civil case and also his statement is
> false my mother never talked with him nor gave him any
> information about my mental health issues and I would like
> to proceed with a speedy jury trial and not wait for any
> criminal termination.
>
> Relief:
> I would like for each defendant to be suspended without pay
> [until] the trial is finished also I would like to receive 20,000
> in cash from each defendant and I would like to be removed
> from this jail so I won't be harassed or punished for the filing

> of this lawsuit nor discriminated against or retaliated against
> I feel that I'm in danger at Houston County Detention Center
> the jailers are out to get me[.]

*Id.* The Court must liberally construe the filings of the Plaintiff, who is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)); *see also Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate and supplemental notice were filed pro se, we construe them liberally." (citation omitted)). Accordingly, the Court construes the document as a motion for reconsideration of its order adopting the Magistrate Judge's recommendation that several Defendants be dismissed from the case without prejudice (Doc. 14) and a motion for injunctive relief. *See* Doc. 16 (stating "I object to the dismissal of any defendants in this case" and requesting that the Defendants be suspended without pay, the Defendants be ordered to pay the Plaintiff $20,000, and the Plaintiff be released from jail).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). Although the Plaintiff states an objection "to the dismissal of any defendants in this case," he has not set forth any argument that such dismissal was wrong because of an intervening change in law, newly discovered evidence not

previously available, or clear error. Doc. 16 at 1. Also, the Plaintiff had the opportunity to object to the Magistrate Judge's recommendation but failed to do so; he waited to contest the dismissal of some of the Defendants until two and a half months after the Recommendation and nearly a month after the order adopting the Recommendation. *Compare* Doc. 7 (Recommendation, dated August 31, 2017), *with* Doc. 14 (order adopting Recommendation, dated October 16), *with* Doc. 16 (Plaintiff's motion, dated November 13). The motion for reconsideration must be denied.

As to the motion for injunctive relief, a preliminary injunction is a drastic remedy and is only appropriate if a party demonstrates that (1) there is a substantial likelihood he will succeed on the merits of his claim for injunctive relief, (2) relief is necessary to prevent irreparable injury, (3) the threatened injury outweighs the harm that would be caused to the non-moving party, and (4) granting relief would not be averse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (citation omitted). The Plaintiff has failed to show a substantial likelihood of success on the merits, the necessity of his requested relief to prevent irreparable injury, that his threatened injury outweighs harm caused to the non-moving party, or that granting relief would not be averse to the public. The motion for injunctive relief therefore also must be denied.

Finally, to the extent the Plaintiff contests evidence that he anticipates opposing counsel will attempt to use at trial, he will have an opportunity to move to exclude such evidence closer to trial. At this time, resolution of such a dispute is premature.

Accordingly, the Plaintiff's motion for reconsideration and motion for injunctive relief (Doc. 16) is **DENIED**.

**SO ORDERED,** this 8th day of January, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
