# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JAMES OWENS, III | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:17-CV-174(MTT) |
| Deputy JEROME HARMON, *et al.*, | ) |
| Defendants. | ) |

## ORDER

The Plaintiff has moved for reconsideration of the Court's Order (Doc. 19) denying his previous motion for reconsideration and his motion for injunctive relief. Doc. 20.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted).

The Court must liberally construe the filings of the Plaintiff, who is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)); *see also Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate

and supplemental notice were filed pro se, we construe them liberally." (citation omitted)). But even liberally construed, the Plaintiff's motion does not demonstrate any intervening change in law, newly discovered evidence not previously available, or clear error. Instead, the Plaintiff argues the same points the Court rejected in its previous Order. The motion for reconsideration (Doc. 20) is accordingly **DENIED**.

**SO ORDERED,** this 20th day of February, 2018.

          S/ Marc T. Treadwell
          MARC T. TREADWELL, JUDGE
          UNITED STATES DISTRICT COURT